DOCUMENT 2



ELECTRONICALLY FILED
6/17/2018 6:29 PM
03-CV-2018-901138.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JACQUELINE F. MCLAIN, | ) |
| Plaintiff, | ) |
| | ) Civil Action Number |
| vs. | ) |
| | ) CV-_____ |
| J.C. PENNEY CORPORATION, INC.; | ) |
| J.C. PENNEY COMPANY, INC.; | |
| J.C. PENNEY PROPERTIES, INC., and | ) |
| fictitious Defendants A, B, C, & D, being | |
| those persons, firms, corporations, | ) |
| partnerships or other entities, residents of | |
| the State of Alabama, and their officers, | ) |
| agents, or employees were charged with the | |
| responsibility of maintaining and insuring | ) |
| the safety of the premises at the J.C. Penney | |
| store located in Montgomery County, | ) |
| Alabama, at the Eastdale Mall, including | |
| on the premises, | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff, Jacqueline F. McLain, is over the age of nineteen years and is a resident citizen of the State of Alabama.

2. Defendant J.C. Penney Corporation, Inc., is a corporation authorized to do business in the State of Alabama, and does business in Montgomery County, Alabama

3. Defendant J.C. Penney Company, Inc., is a corporation authorized to do business in the State of Alabama, and does business in Montgomery County, Alabama.

4. Defendant J.C. Penney Properties, Inc., is a corporation authorized to do business in the State of Alabama, and does business in Montgomery County, Alabama.

5. At all material times herein complained of, Fictitious Defendants A, B, C, & D, are those persons, firms, corporations, partnership or entities, who were residents of the State of

Alabama, and their officers, agents, or employees were charged with the responsibility of maintaining and insuring the safety of the premises at the J.C. Penney store located in Montgomery County, Alabama, at the Eastdale Mall, including on the premises. At all times the Defendants A, B, C, & D were acting within the purpose, line, and scope of their agency or employment with the Defendants. All acts and conduct herein alleged on the part of said Defendants A, B, C, & D, were calculated to and/or did benefit the Defendants, and were known to, authorized, and/or ratified by said Defendants. The true names of said individuals or entities A, B, C, & D, are presently unknown to the Plaintiffs, who therefore sues such Defendants by fictitious names, but will amend their Complaint when the true names of said Defendants are ascertained. The use of the word "Defendant" or "Defendants" herein includes without limitation, both the names and fictitious Defendants named herein.

6. On or about the 16th day of June, 2016, Plaintiff, Jacqueline F. McLain, while an invitee, was upon the premises of the Defendants in Montgomery County, Alabama, and was walking on a common property on the premises owned and managed by Defendants. At the same time and place the floor had not been cleared of water or some other liquid that had spilled onto the floor. The area was wet, causing Plaintiff to slip and fall, causing her severe injuries.

7. At the time of Plaintiff's fall, the employer of Defendants at the register was overheard saying "I meant to clean that up". Defendants, by and through its agent employee, was aware of the defect or danger and failed to correct it.

8. At said time and place, Defendants had ownership and control over the premises located in Montgomery County, Alabama, at the Eastdale Mall.

9. As a result of the failure of Defendants to properly maintain its premises and common areas, Plaintiff sustained severe and serious injuries to her person, including but not

DOCUMENT 2

limited to, injuries to her back, side and knee, and was caused to undergo knee surgery, anxiety and other serious and personal injuries.

10.  As a result of the injuries, Plaintiff has incurred damages including medical expenses and lost wages. She has and will probably continue to suffer great pain, discomfort, inconvenience, embarrassment, and mental anguish and will be deprived of ordinary enjoyment of life. Her overall strength and health have been greatly impaired.

## COUNT I-NEGLIGENCE

11.  Plaintiff adopts by reference and realleges each and every allegation contained in each of the foregoing paragraphs of this complaint, and incorporates the same as if fully set out herein.

12.  Plaintiff fall was the proximate result of the Defendants negligence. Defendants owed Plaintiff a duty to operate and maintain its premises in a reasonably safe condition. Defendants were negligent by failing to keep said premises in a reasonably safe environment.

13.  As a proximate cause of Defendants' said negligence, Plaintiff was caused to suffer the following injuries and damages: neck injuries, back injuries, knee injuries, cervical and lumbar spine injuries, and otherwise have been made sick, sore, and lame; Plaintiff has incurred expenses for medicine and medical treatment and doctor's and hospital fees and will continue to do so in the future; she has suffered and will continue to suffer lost wages and income; Plaintiff has suffered pain and suffering from said injuries and will continue to experience pain and suffering; Plaintiff suffered mental anguish and emotional distress and will continue to do so as a result of the acts of Defendants.

3

DOCUMENT 2

WHEREFORE, Plaintiff demand judgment against the Defendants for compensatory damages in such an amount that a jury may award and punitive damages in an amount that a jury may deem fair and just, in addition to attorney's fees, interest, costs, and other, further, and different relief that she may be entitled to.

## COUNT II-WANTONNESS

14. Plaintiff adopts by reference and realleges each and every allegation contained in each of the foregoing paragraphs of this complaint, and incorporates the same as if fully set out herein.

15. Defendants conduct, by and through its agent employee, was wanton in that they allowed a liquid to remain on the floor, after it was discovered, for an extended period of time knowing that injury would result or should have known injury would result.

16. Each of the acts and omissions of Defendants as herein complained of were carried on by Defendants with a reckless or conscious disregard of the rights or safety of others, including Plaintiff.

17. As a result of said wantonness of Defendants, Plaintiff was caused to suffer the following injuries and damages: neck injuries, back injuries, knee injuries, cervical and lumbar spine injuries, and otherwise have been made sick, sore, and lame; Plaintiff has incurred expenses for medicine and medical treatment and doctor's and hospital fees and will continue to do so in the future; she has suffered and will continue to suffer lost wages and income; Plaintiff has suffered pain and suffering from said injuries and will continue to experience pain and suffering; Plaintiff suffered mental anguish and emotional distress and will continue to do so as a result of the acts of Defendants.

DOCUMENT 2

WHEREFORE, Plaintiff demand judgment against Defendant for compensatory damages in such an amount that a jury may award and punitive damages in an amount that a jury may deem fair and just, in addition to attorney's fees, interest, costs, and other, further, and different relief that they may be entitled to.

### COUNT III-EMOTIONAL DISTRESS & MENTAL ANGUISH

18. Plaintiff adopts by reference and realleges each and every allegation contained in each of the foregoing paragraphs of this complaint, and incorporates the same as if fully set out herein.

19. Defendants intentionally or recklessly caused the Plaintiff to suffer emotional distress.

20. Defendants said actions towards Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and were atrocious and utterly intolerable in a civilize society.

21. Defendants conduct proximately caused the Plaintiff emotional distress.

22. As a result of Defendants intentional, and reckless actions, and outrageous conduct, Plaintiff was caused to suffer the following injuries and damages: neck injuries, back injuries, knee injuries, cervical and lumbar spine injuries, and otherwise have been made sick, sore, and lame; Plaintiff has incurred expenses for medicine and medical treatment and doctor's and hospital fees and will continue to do so in the future; she has suffered and will continue to suffer lost wages and income; Plaintiff has suffered pain and suffering from said injuries and will continue to experience pain and suffering; Plaintiff suffered mental anguish and emotional distress and will continue to do so as a result of the acts of Defendants.

23. Plaintiff claims punitive damages of Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in such an amount that a jury may award and punitive damages in an amount that a jury may deem fair and just, in addition to attorney's fees, interest, costs, and other, further, and different relief that they may be entitled to.

/s/Paul D. Esco
PAUL D. ESCO (ESC001)
Attorney for Plaintiff

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
547 S. Lawrence Street
Montgomery, AL 36104
Tel. (334) 832-9100
Fax (334) 832-4527
Email: paul.esco@aol.com

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS AND CLAIMS.

/s/ Paul D. Esco
PAUL D. ESCO

6